IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Gregory Mickles, Jr., | ) |
|                       Plaintiff, | ) Civil Action No. 5:16-cv-03279-JMC |
| vs. | ) **ORDER** |
| Vernita Dozier; Harold Young Kerry Murphy, and Ms. Bradley James, | ) |
|                      Defendants. | ) |

      Gregory Mickles, Jr. ("Plaintiff") filed a Complaint proceeding in *forma pauperis* against Vernita Dozier, Harold Young, Kerry Murphy, and Ms. Bradley James (collectively "Defendants") seeking redress for health conditions he allegedly sustained as a result of his confinement in the Orangeburg County Detention Center. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), (ECF No. 10), filed on November 7, 2016, recommending that the district court dismiss the Complaint (ECF No. 1) in this case without prejudice. The Report sets forth the relevant facts and legal standards which this court incorporates herein without recitation.

      The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight – the responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Pursuant to 28 U.S.C. § 636(b)(1), within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations. Plaintiff was advised of his right to file an objection to the Report by November 28, 2016. (ECF No. 10) Plaintiff and Defendants have not filed any objections to the report. However, Plaintiff did file a Motion for Leave to Amend his Complaint.[1] (ECF No. 12.) The court finds that Plaintiff's Motion for Leave to Amend is not a substantive objection and would not materially alter the Magistrate Judge's Recommendation.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis* 718 F. 2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arm*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

---

[1] As noted in the Magistrate Judge's Report, "[P]ro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case." (ECF No. 10 at 2 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).) Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure on the pleading to allege facts which set forth a claim currently cognizable in a federal district court." (*Id.* (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).) Upon review, the court finds that Plaintiff's Motion for Leave to Amend does not provide substantive allegations to reach a conclusion regarding why the Leave to Amend is appropriate. Moreover, Plaintiff's Motion for Leave to Amend did not propose language that would give the court basis for granting the filing of an amended pleading. As such, the court **DENIES** the Motion for Leave to Amend. (ECF No. 12.)

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case and does not contain any clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 10) It is therefore **ORDERED** that Plaintiff's Complaint is **DISMISSED** without issuance and service of process, and without requiring Defendants to file a return.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 16, 2016
Columbia, South Carolina